# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIC S. WOODARD, : | |
| : | CIVIL ACTION NO. 3:19-1793 |
| **Plaintiff,** : | |
| : | (JUDGE MANNION) |
| v. : | |
| MICHAEL E. BORTNER , *et al.*, : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

On October 30, 2019, plaintiff Aric S. Woodard, an inmate at SCI-Greene, Pennsylvania, filed *pro se* the above captioned action styled as a "Motion for Emergency Temporary Injunction to Cease Post-Conviction Relief Act Review."[1] (Doc. 1). The court construes Woodard's case as a civil rights action filed under 42 U.S.C. §1983. Woodard challenges his ongoing state criminal proceedings in the Court of Common Pleas for York County, Pennsylvania, and seemingly alleges that his rights are being violated. Named as defendants are Michael E. Bortner, Judge of the York County Court, and Teri Himebaugh, Esquire, Woodard's criminal defense counsel. The court now screens Woodard case under 28 U.S.C. §1915A.[2]

---

[1]Woodard previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 with this court. See Civil No. 16-2262, M.D.Pa. On November 14, 2017, this court issued an Order and granted Woodard's motion to dismiss his habeas petition without prejudice to re-file it after he exhausted his state court remedies.

[2]Title 28 U.S.C. §1915A requires a district court to screen any complaint
(continued...)

**I.     Background**

On October 23, 2013, Woodard was convicted of criminal homicide in the first degree and, on December 18, 2013, he received the death penalty as his sentence in the York County Court. See Commonwealth v. Aric S. Woodard, CP–67–CR–0003547–2012, Criminal Docket Sheet.[3] After Woodard exhausted his state court direct appeals when the Pennsylvania Supreme Court affirmed his conviction and sentence of death on December 3, 2015, Commonwealth v. Woodard, 129 A.3d. 480 (Pa. 2015), and denied reargument on January 25, 2016. Commonwealth v. Woodard, rearg. denied, No. 692 Cap. App. Dkt. (Pa. January 25, 2016), he timely filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court denied Woodard's petition on October 3, 2016. Woodard v. Pennsylvania, No. 15-9545, Order (U.S. October 3, 2016). On February 9, 2017, Judge Bortner, who presides over Woodard's case, granted his motion to stay execution.

Subsequently, Woodard filed a Pennsylvania Post Conviction Relief Act

---

[2](...continued)
brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

[3] Woodard's state court docket is found at https://ujsportal.pacourts.us/DocketSheets/CP.aspx and https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

2

("PCRA") petition. After Woodard's initial counsel was allowed to withdraw, Himebaugh was appointed as Woodard's counsel. Woodard has been granted an investigator by Judge Bortner and discovery in his PCRA proceeding is presently being conducted.

On September 11, 2019, Himebaugh filed an amended PCRA petition on Woodard's behalf. On October 2, 2019, Himebraugh filed a motion to withdraw as Woodard's counsel. Judge Bortner has scheduled a status hearing in Woodard's PCRA case for November 21, 2019.

On October 30, 2019, Woodard filed the instant emergency motion for TRO seeking this court to enjoin his pending PCRA proceedings in York County Court and, "to prevent, cease any review or consideration of the premature, unreviewed, unapproved, unsigned and unlawfully submitted Amendment for [PCRA petition] by [Himebaugh]." In his motion, Woodard also raises several complaints about the PCRA proceedings, including the lack of receipt of discovery materials and the failure of Himebaugh and the investigator to follow his instructions. Woodard also complains about the way Judge Bortner is handling the PCRA proceedings.

For relief, Woodard requests this court to immediately cease the PCRA proceedings that are currently pending in York County Court allegedly because his counsel and the presiding judge "are both consciously dismissing the rule of law which if allowed to stand will have irreversible, negatively detrimental consequence [regarding his collateral appeal.]"

## II.     DISCUSSION

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ... other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142, *2 (M.D.Pa. 2012) (citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa. 1991)).See also Kane v. City of Phila., 517 Fed.Appx. 104, 107 (3d Cir. 2013) (Third Circuit held that there are very few extraordinary situations which may make abstention inappropriate).

In Ridge v. Campbell, 984 F.Supp.2d 364 (M.D. Pa. 2013), the court considered whether Younger abstention was appropriate in a case in which the plaintiff sought, in part, "injunctive relief commanding the defendants to cease any further action relating to this case until this lawsuit and the PCRA petition are finalized." The court in Ridge, id. at 375, found as follows:

> All three predicates [to Younger abstention] exist here: (1) Plaintiff's PCRA petition filed in the Adams County Court of Common Pleas is still pending; (2) Pennsylvania's enforcement of criminal laws and the administration of its judicial system are vital state interests; and (3) the PCRA proceeding provides a forum for Plaintiff to raise constitutional issues. Thus, as Plaintiff's requested remedies will undeniably interfere with pending state proceedings, the court will apply Younger abstention and grant Judge Campbell's motion to dismiss Plaintiff's claims insofar as they relate to the ongoing state court proceedings.

Similarly, in the present matter, it is clear that all three Younger criteria are met. First, there is an ongoing state criminal PCRA proceeding of

Woodard regarding which his request for relief would interfere. Second, the state PCRA proceedings implicate the important state interest of enforcing its criminal laws and of exhausting available state court appeals. To the extent that Woodard is seeking this federal court to stop the PCRA proceedings, such proceedings clearly implicate important state interests. Third, Woodard has an opportunity to raise his claims in his state criminal PCRA proceedings as well as in subsequent state court appeals.

Further, Woodard has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234.

It is clear that Woodard's claims concerning his ongoing criminal PCRA proceedings satisfy the requirements of abstention and the instant action does not raise the type of extraordinary circumstances contemplated under Younger. Accordingly, it is appropriate to abstain from entertaining the instant motion out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D.Pa. 2010) (holding that

the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court); Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017); Peay v. Massiah-Jackson, 133 Fed.Appx. 31 (3d Cir. 2005) (Third Circuit held that "to the extent that [plaintiff] sought an injunction to force the PCRA courts to allow him to proceed pro se or to bar a pending state criminal proceeding, Younger and its progeny barred such relief.").[4]

## III. CONCLUSION

In light of the foregoing, Woodard's Motion for Emergency TRO will be **DENIED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 5, 2019**
19-1793-01.wpd

---

[4]Insofar as Woodard is also construed as challenging his confinement in prison as well as his conviction and sentence, such relief is only available through a writ of habeas corpus after he exhausts his state court appellate remedies as this court held in Woodard's prior case. Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017) (citing Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973)).